UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSE VASQUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 1:13-cv-01394-TWP-DML |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Pending Motions, Dismissing Co-Respondents,
and Directing Further Proceedings**

**I.**

The petitioner's request to proceed *in forma pauperis* (dkt. 2) is **granted.**

The sole respondent in this action is the petitioner's custodian, named in her official capacity only. The other co-respondents are **dismissed** from the action.

**II.**

The petitioner's motion for the appointment of counsel has been considered. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Coleman v. Thompson*, 501 U.S. 722, 757 (1991). 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In this type of case challenging a disciplinary proceeding, the court's review is narrow, limited to determining whether the procedural requirements of *Wolff v. McDonnell,* 418 U.S. 539 (1974) were provided and whether the conduct board's decision was supported by "some evidence." *See Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985). No evidentiary hearing will be held in this action. In addition, the respondent has not yet been directed to file an answer to the petition, meaning that the court and

the petitioner do not yet know whether, and to what extent or on what basis, his claims for relief are contested here.  These are not circumstances in which it is in the interest of justice to appoint counsel for the petitioner. Therefore, the petitioner's motion for the appointment of counsel (dkt. 3) is **denied.**

### III.

Although the petition refers to two different disciplinary proceedings, the conviction dates for which are June 6, 2013, and February 21, 2013, this action may proceed only as to the conviction date of February 21, 2013, because the petitioner has filed another habeas petition in which he challenges the June 6, 2013, proceeding (1:13-cv-1231-JMS-DKL). The petitioner shall have **through September 30, 2013,** in which to **supplement his petition** by submitting a copy of the reports issued in the February 21, 2013, conviction proceeding which is challenged in this case, including a copy of 1) the conduct report, 2) the screening report, 3) the disciplinary hearing report, and 4) the administrative appeal(s) and any response thereto. The petitioner shall write the case number for this case, 1:13-cv-1394-TWP-DML, on all future filings/supplements in this case.

**IT IS SO ORDERED.**

Date:  09/09/2013
_____

*[Signature]*
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSE VASQUEZ
975271
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064